IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HEAVY LIFT INTERNATIONAL, LLC  :  CIVIL ACTION
                v.  :
TRANSLINK, INC.  :  NO. 08-cv-01798-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    September 8, 2008

      The defendant failed to file a response to plaintiff's complaint within the allotted time, and the Clerk has entered a default. Now before the Court is defendant's motion to set aside the entry of default. In ruling on that motion, I am required to consider three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the default resulted from culpable conduct on the part of the defendant. U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). I must also consider whether some other sanction would be effective. Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984).

      In the present case, I have no difficulty in concluding that plaintiff would not be unduly prejudiced by the grant of defendant's motion, and that the defendant is not chargeable with culpable conduct, merely inadvertent oversight on the part of counsel. Whether the defendant can assert a viable defense to the action presents a much more substantial question.

Plaintiff, Heavy Lift International, provides rail transportation, rigging, and engineering services. According to the complaint, plaintiff provided such services to the defendant on six separate occasions, and duly submitted detailed invoices reflecting the amounts due. Allegedly, defendant has failed to pay any of the invoices. Plaintiff's complaint contains 12 counts, two for each of the invoices: breach of contract and unjust enrichment. In support of its motion to set aside the default, defendant has submitted its proposed answer to the complaint, but the answer cannot be regarded as providing any significant defense. Instead, the answer simply "denies" each of the paragraphs of plaintiff's complaint, without elaboration. Thus, the proposed answer can be interpreted as asserting, simultaneously, that there was no agreement between the parties as to any of the six invoices, that none of the six invoices were sent to defendant, and that the defendant has paid all of the invoices (or, at least, that defendant denies having failed to pay the invoices). To make matters worse, the answer includes a series of boilerplate "affirmative defenses" which cannot be taken seriously. For example, the assertion that plaintiff's claims are barred by the applicable statute of limitations or by the doctrine of latches, when the plaintiff's claims arose less than one year before the suit was filed; and the assertion that

2

plaintiff's claims are barred by contributory negligence or assumption of risk.

On the other hand, it is perhaps conceivable that the defendant may also have a legitimate defense to all or part of plaintiff's claims, and the failure to disclose those defenses should be attributable to defense counsel, rather than the defendant. And there is respectable authority for the proposition that the assertion of a legitimate defense is less crucial in setting aside the entry of default, than it would be in setting aside a default judgment. <u>Rosen & Assoc. v. Omega Builders Ltd.</u>, 940 F. Supp. 115, 121 (E.D. Pa. 1996)(Van Antwerpen, J.)

In these circumstances, I consider it appropriate to grant the motion to set aside the entry of default, but to consider the possible imposition of alternative sanctions.

Fed. R. Civ. P. 11(b) provides that, by presenting to the Court any pleading, the attorney:

> "certifies that to the best of [his] knowledge, information and belief, formed after an inquiry reasonable under the circumstances: ... (ii) the claims, defenses and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law ..."

It seems self-evident that the proposed answer filed in this case represents a clear violation of Rule 11. Defense counsel will

3

therefore be afforded an opportunity to show cause why sanctions should not be imposed pursuant to that Rule.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HEAVY LIFT INTERNATIONAL, LLC     :     CIVIL ACTION
                                  :
              v.                  :
                                  :
TRANSLINK, INC.                   :     NO. 08-cv-01798-JF

ORDER

AND NOW, this 6th day of September 2008, IT IS ORDERED:

1. Defendant's motion to set aside the entry of default is GRANTED. The entry of default in this case is set aside.

2. Defendant and defendant's counsel of record shall show cause, within 20 days, why sanctions should not be imposed upon them pursuant to Fed. R. Civ. P. 11, for submitting to the Court the proposed answer discussed in the accompanying Memorandum.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.